United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD EUGENE HACKETT,
Plaintiff,

v.

ANDRE GONZALES, et al.,
Defendants.

Case No. 26-cv-07546-NW

**ORDER SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND. DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Re: ECF No. 2

Plaintiff Gerald Eugene Hackett, a state prisoner proceeding *pro se*, filed a civil rights lawsuit related to his medical care at Mule Creek State Prison, Solano State Prison, and an outpatient clinic located in Pinole, California. *See* ECF No. 1. He also filed a motion requesting appointment of counsel. *See* ECF No. 2. The motion and Complaint are now before the Court for decision and screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion is **DENIED** and the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

## I. BACKGROUND

Hackett alleges that he began experiencing bladder issues and pain in the groin area in 2023.[1] At that time, Defendant Dr. Brian Leo, a physician at California State Prison – Solano, placed Hackett on antibiotics. The symptoms persisted and Hackett began bleeding when he used the restroom. Dr. Leo allegedly twice misdiagnosed Hackett as having a urinary tract infection, "thereby causing un[n]ecessary delays in seeking attention for the medical issue." ECF No. 1 at 6. Eventually, Hackett was diagnosed with a bladder tumor and referred to Defendant Dr. Michael H. Brown, a urologist who contracts with the California Department of Corrections and

[1] Unless otherwise noted, all facts are taken from Plaintiff's Complaint. *See* ECF No. 1.

Rehabilitation ("CDCR").

On December 6, 2024, Hackett was transported to Dr. Brown's urology clinic in Pinole, California, for a cystoscopy procedure. Hackett alleges that the operating room appeared to be unsanitary and outdated, and that Dr. Brown did not wear gloves while performing the procedure. Dr. Brown also "gave the impression . . . that he didn't know how to turn the scope on" shortly before using it. ECF No. 1 at 7. Dr. Brown inserted the scope into Hackett's penis without looking into the scope; Dr. Brown pushed past the tumor, causing Hackett to jerk in pain. Dr. Brown instructed Correctional Officer Hawkins to take Hackett to the restroom so he could urinate, warning that there could be some blood. Hackett began bleeding profusely. Hawkins asked Dr. Brown what he was going to do about the bleeding. Dr. Brown told Hawkins to give Hackett a glass of water and wait ten minutes. Hawkins allegedly told Dr. Brown that he feared Hackett would bleed out and called 911. Dr. Brown "stood up against the wall doing absolutely nothing."[2] *Id.* Hackett was placed in the front waiting room as they waited for paramedics before going into shock. Hackett was transported to two Kaiser Permanente Hospitals to receive emergency treatment in Richmond and Oakland, California. He received extensive treatment and surgery to stop the bleeding. During that time he learned he had a cancerous tumor. On December 9, 2024, he had surgery for a bladder resection and required chemotherapy.

Later that month, Hackett returned to California State Prison – Solano. Hackett was required to wear a catheter for thirty days. The catheter needed to be flushed once a day to remove clots that might clog the urethra. Staff at the prison, however, did not flush the catheter, and Hackett developed two infections. Hackett alleges that prison staff did not call him to the clinic after he sought medical care related to the catheter; he visited the TTA twice, and the catheter was removed on December 23, 2024.

Hackett alleges that the post-surgery care he has received at California State Prison – Solano, and now at Mule Creek State Prison, has involved "delays in treatment." *Id.* at 10–11. He is also awaiting treatment for a hernia. Doctors have told Hackett that he will need more

[2] Hackett also alleges that Brown made false statements in a report.

chemotherapy after a cystoscopy, and the longer it takes to treat his cancer, the longer it will take to start treatment for his hernia.

In addition to Dr. Brown and Dr. Leo, Hackett names the following Defendants:

- Andre Gonzales, Warden of California State Prison – Solano, who is allegedly responsible for supervising and monitoring compliance with policies and procedures affecting prisoner medical care;
- Dr. Erin Yvonne Davis, CEO of California State Prison – Solano, who was allegedly responsible for supervising and training staff regarding the delivery of health care services, and for ensuring that prisoners transported to outside clinics or hospitals receive proper medical care.

Hacket seeks injunctive and monetary relief.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane conditions of confinement and requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see Helling v. McKinney*, 509 U.S. 25, 31 (1993). Accordingly, the Eighth Amendment forbids the government from demonstrating "deliberate indifference to [the] serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, an incarcerated person must demonstrate, first, a "serious medical need," and second, that the prison acted or failed to act in such a harmful way that it evidenced deliberate indifference such that it "offend[s] 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106; *see McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992).

Deliberate indifference can be caused by prison medical staff providing inadequate or delayed medical care. *Estelle*, 429 U.S. at 104–05. The circumstances, nature, and duration of any deprivation or conditions are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). "Under this standard, an inadvertent failure to provide adequate medical

care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022). Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Farmer*, 511 U.S. at 835–36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, a plaintiff must show that the defendant acted with "subjective recklessness." *Id.* at 839.

**A. Dr. Brown**

Liberally construing his allegations, Hackett does not state a claim of deliberate indifference against Dr. Brown. Hackett's allegations that Brown breached his duty of care and negligently or unprofessionally performed his duties may be sufficient to state a claim of medical malpractice under state law, but are insufficient to state a federal constitutional claim. *See Simmons*, 47 F.4th at 934. To the extent that Hackett alleges that Brown delayed calling emergency services, Hackett may be able to state a claim of deliberate indifference if he can provide more information about the length of the delay and show that the delay in question was harmful. *See Shapley v. Nev. Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("[M]ere delay . . . , without more, is insufficient to state a claim of deliberate medical indifference"). This claim is therefore **DISMISSED** with leave to amend so Hackett may attempt to address the deficiencies identified above if he has a legitimate basis to do so.

**B. Dr. Leo**

Hackett's allegations that Dr. Leo twice misdiagnosed him similarly does not state a cognizable claim of deliberate indifference. If he wishes to pursue this claim, Hackett must show that Dr. Leo's actions constituted more than negligence or medical malpractice; he must show Dr. Leo acted with "subjective recklessness." *Farmer*, 511 U.S. at 839. This claim is therefore **DISMISSED** with leave to amend so Hackett may attempt to address the deficiencies identified above if he has a legitimate basis to do so.

**C. Unlinked Claims**

Hackett makes several allegations regarding prison staff's failure to flush his catheter, but

does not identify specific Defendants responsible for the failure to provide this medical care in those instances. In addition, it is unclear whether this claim is sufficiently related to his claims against Brown such that the claim is properly before this Court rather than the Eastern District of California. *See* 28 U.S.C. § 1391(b) (venue may be proper in the district in which a substantial part of the events or omissions giving rise to the claim occurred); 28 U.S.C. § 84(b) (listing Solano County as falling within the Eastern District of California). This claim is therefore **DISMISSED** with leave to amend so Hackett may attempt to address the deficiencies identified above if he has a legitimate basis to do so.

**D. Supervisory Defendants**

Hackett names Gonzales and Davis as Defendants in this matter, noting that they each had supervisorial responsibilities over various aspects of prisoners' medical care at California State Prison – Solano.

There is no *respondeat superior* liability under § 1983, *i.e.*, no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under § 1983 against a supervisor defendant, a plaintiff must allege facts that would support a claim that (1) the supervisor proximately caused the constitutional violation at issue; (2) the supervisor failed to properly train or supervise personnel resulting in the alleged deprivation; (3) the alleged deprivation resulted from custom or policy for which the supervisor was responsible; or (4) the supervisor knew of the alleged misconduct and failed to act to prevent future misconduct. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are insufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Starr v. Baca*, 652 F.2d 1202, 1208 (9th Cir. 2011).

Here, Hackett does not allege that Gonzales or Davis were specifically aware of any of the

incidents he discusses in his Complaint, nor does Hackett identify any specific deficiencies in training that led to his alleged constitutional violations or show that these Defendants proximately caused the constitutional violations at issue. *See Twombly*, 550 U.S. at 555. Hackett's claims against Gonzales and Davis[3] are therefore **DISMISSED** with leave to amend so he may attempt to address the deficiencies identified above if he has a legitimate basis to do so.

**E. Leave to Amend**

Hackett shall be granted an opportunity to file an amended complaint that corrects the deficiencies in his various claims discussed above. Hackett is cautioned that he must ensure that any amended complaint complies with Federal Rules of Civil Procedure 18(a) and 20(a) as to the joinder of claims and parties. Filing an amended complaint that does not comply with these rules may be subject to dismissal.

"Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, some of Hackett's claims are distinct from the 2024 procedure that occurred within this judicial district and appear unrelated for purposes of Rule 20. *See* Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed

[3] To the extent that Hackett challenges Davis' approval or disapproval of miscellaneous medical procedures other than the incident described in the Complaint, Hackett must pursue those unrelated claims in a lawsuit within the Eastern District of California. *See* 28 U.S.C. § 84(b). Hackett must also pursue his claims regarding Mule Creek State Prison's failure to provide medical care for his hernia or other ongoing medical conditions in the Eastern District of California. *Id.* (listing Amador County as falling within Eastern District of California).



United States District Court
Northern District of California

his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607 (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Accordingly, Hackett is cautioned that if he files a "buckshot [amended] complaint," it will be subject to dismissal. *Id.*

**F. Appointment of Counsel**

Hackett also filed a motion requesting the appointment of counsel. *See* ECF No. 2. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision whether to appoint an attorney rests within the sound discretion of the trial court and is generally granted in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation modified).

The Court is unable to assess at this time whether exceptional circumstances exist that would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage, and Hackett has not yet stated a cognizable federal claim. It is therefore premature for the Court to determine his likelihood of success on the merits. The motion requesting appointment of counsel is **DENIED** without prejudice to Hackett renewing his motion after the Court has had an opportunity to consider the merits of his claims.

**IV. CONCLUSION**

The Court orders as follows:

1. The motion requesting appointment of counsel (ECF No. 2) is **DENIED** without

prejudice.

2. The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

3. Hackett has been granted leave to amend as noted above. Any amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed. Hackett must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Hackett must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Hackett is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his amended complaint.

4. Failure to file an amended complaint within the designated time will result in this action's dismissal without prejudice.

5. It is Hackett's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk is requested to send a blank prisoner complaint form to Hackett with his copy of this order.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Noël Wise
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983**

---

## I. SCOPE OF 42 U.S.C. § 1983

You may file a civil rights action under 42 U.S.C. § 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of your confinement.

A § 1983 action may not be used to challenge the length of your sentence or the validity of your conviction. Such claims must be addressed in a petition for a writ of habeas corpus, on the forms provided by the clerk. If you wish to challenge a state court sentence or conviction, ask for the packet titled *Instructions for Filing a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.*

## II. FILING A § 1983 ACTION

To file a § 1983 action, you must submit:

- an original, signed and completed complaint form; and
- a check or money order for $405, or an original, signed and completed Prisoner's Application to Proceed *In Forma Pauperis* (see more below).

When these forms are completed fully, provide these forms to the librarian for scanning if your facility participates in Prison Email Filing with this court; otherwise, mail the originals to: Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

## III. FILING FEE

The fee for filing a § 1983 action is $405 ($350 filing fee plus $55 administrative fee), to be paid at the time of filing. If you are unable to pay the full fee when you file your complaint, you may petition the court to proceed *in forma pauperis*, using the forms provided by the clerk. Ask for the packet titled *Instructions for Filing an Application to Proceed* In Forma Pauperis *by a Prisoner under 28 U.S.C. §* 1915. Even if you are granted leave to proceed *in forma pauperis*, you must still pay the $350 filing fee (not the $55 administrative fee), but the filing fee will be paid in several installments.

You must complete the Prisoner's Application to Proceed *In Forma Pauperis* in its entirety and sign and declare under penalty of perjury that the facts stated therein are true and correct. Each plaintiff must submit his or her own Prisoner's *In Forma Pauperis* Application. You must use the Prisoner's *In Forma Pauperis* Application provided and not any other version.

## IV. COMPLAINT FORM

You must complete the complaint form in its entirety. All questions must be answered for your action to proceed. Your responses must be typewritten or legibly handwritten and you must sign and declare under penalty of perjury that the facts stated in the complaint are true.

Under 42 U.S.C. § 1997e, you are required to exhaust available administrative remedies before filing a § 1983 action; you must indicate clearly in the space provided on the complaint form whether you have done so.

## V. MAGISTRATE JUDGE JURISDICTION

Magistrate judges are selected through a statutorily prescribed merit selection process and are appointed by the judges of this court. The court encourages parties to consent to magistrate judge jurisdiction as it may result in an earlier resolution of the matter; the rules and procedures used to decide your case will be the same regardless of whether a district judge or a magistrate judge decides your case. But you are free to decline magistrate judge jurisdiction and request that your case be decided by a district judge. Please indicate on the *Consent or Declination to Magistrate Judge Jurisdiction* form, provided by the clerk, whether you consent or decline to consent to magistrate judge jurisdiction.

## VI. AFTER YOUR COMPLAINT IS FILED

The clerk will assign a case number and judge to your complaint and mail you a copy of the first page, which will have the case number and judge's initials stamped on it. (If your prison participates in Prison Email Filing with this court, you will get a confirmation email from the court with this information.) Please retain this copy for your records and put the case number on any case-related document you send to the court. If your complaint is deficient in any way, the clerk may send you a notice that will require your response. If your case is assigned to a magistrate judge before you consented or declined to consent to magistrate judge jurisdiction, the clerk may send you a *Consent or Declination to Magistrate Judge Jurisdiction* form that will require your response. Please note that it isyour responsibility to inform the court in writing without delay if your address changes. You will be notified at the address the court has on record whenever the court issues an order. A failure to respond to notices or orders or a failure to update your address may result in the dismissal of your case.

## VII. REPEAT FILERS

If you are seeking leave to proceed *in forma pauperis* and, while incarcerated or detained, you filed § 1983 actions on three or more prior occasions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, you may not file a new § 1983 action unless you are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## VIII. INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed in this court and limited court resources, the court will not answer inquiries concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page. It is therefore recommended that you make and keep for your records a copy of every document you submit to the court.

Plaintiff's Name ______________________

Prisoner No. ______________________

Institution ______________________

______________________

______________________

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

______________________
*(Enter your full name)*

v.

______________________

______________________

______________________

______________________
*(Enter the full name(s) of all defendants in this action)*

Case No.______________________
*(Provided by the Clerk upon filing)*

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust the remedies available at your institution before your claim(s) can go forward. The court will dismiss any unexhausted claims.*

**A.** Place of present confinement ______________________

**B.** Is there a grievance procedure in this institution? ☐ **YES** ☐ **NO**

**C.** If so, did you present the facts in your complaint for review through the grievance procedure?
☐ **YES** ☐ **NO**

**D.** If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: ______________________

______________________

______________________

2. First formal level: ______________________

______________________

______________________

3. Second formal level: ______________________________

______________________________

______________________________

4. Third formal level: ______________________________

______________________________

______________________________

**E.** Is the last level to which you appealed the highest level of appeal available to you?
☐ **YES** ☐ **NO**

**F.** If you did not present your claim for review through the grievance procedure, explain why.

______________________________

______________________________

______________________________

## II. Parties.

**A.** If there are additional plaintiffs besides you, write their name(s) and present address(es).

______________________________

______________________________

______________________________

**B.** For each defendant, provide full name, official position and place of employment.

______________________________

______________________________

______________________________

______________________________

______________________________

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

______________________________

______________________________

______________________________

______________________________

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: ______________________ ____________________________________

*Date* *Signature of Plaintiff*